UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNELL WILLIAMS #225280,

    Plaintiff,                                      Hon. Paul L. Maloney

v.                                                   Case No. 1:19-cv-721

HEATHER WOODIN, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion for Partial Summary Judgment. (ECF No. 18). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be denied.

**BACKGROUND**

Plaintiff initiated this action on September 5, 2019, against fourteen individuals asserting various claims. (ECF No. 1). At this juncture, the only claims remaining are asserted against Defendant Stephan. Specifically, Plaintiff alleges that Stephan violated his Eighth Amendment rights by failing to provide him with appropriate mental health treatment. Plaintiff also alleges that Stephan denied him treatment as retaliation for filing a grievance against Stephan and another prison official. (ECF No. 9).

Defendant Stephan now moves for partial summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies with respect to his Eighth Amendment claim. As for Plaintiff's retaliation claim, Defendant does not seem to realize that such remains at issue. In both her brief and reply brief, Defendant asserts that Plaintiff has asserted only an Eighth Amendment claim, and Defendant specifically seeks relief only as to that claim. (ECF No. 19, PageID.139, 144; ECF No. 25, PageID196-97). In her brief, Defendant references Plaintiff's amended complaint, (ECF No. 19 at PageID.140), despite the fact that Plaintiff has not filed an amended complaint.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing. *Id*. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130

¶ P (July 9, 2007). If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance. *Ibid.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V. The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Ibid.*

In support of her motion for summary judgment, Defendant submits a single item of evidence – a report listing the grievances that Plaintiff has pursued through all three steps of the grievance process. (ECF No. 19-3, PageID.154-79). Defendant asserts that this evidence entitles her to relief. Defendant argues that this grievance report establishes that Plaintiff "never filed a grievance" regarding his Eighth Amendment claim. The Court is not persuaded.

Defendant fails to articulate how such a conclusion is supported solely by reference to a report that neither identifies against whom any particular grievance was asserted nor identifies the claim asserted therein. Simply put, this evidence is insufficient to satisfy Defendant's burden. Furthermore, summary judgment is inappropriate given that Plaintiff has submitted an affidavit in which he asserts that he attempted to file a grievance regarding his claims, but the grievance coordinator refused to process his grievance. (ECF No. 27).

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Partial Summary Judgment, (ECF No. 18), be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 2, 2020
 /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge